**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0419, <u>State of New Hampshire v. Herman Minas</u>, the court on September 16, 2019, issued the following order:**

Having considered the brief filed by the defendant, Herman Minas, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals his conviction, following a bench trial in Superior Court (<u>Schulman</u>, J.), on one count of felonious sexual assault. RSA 632-A:3, III (2016). We affirm.

On appeal, the defendant argues that the evidence was insufficient for the trier of fact (here, the trial court) to have found, beyond a reasonable doubt, that, by kissing the nine-year-old victim on the mouth, using his tongue, he engaged in conduct that could "reasonably be construed as being for the purpose of sexual arousal or gratification." RSA 632-A:1, IV (2016) (defining "sexual contact").

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. <u>State v. Francis</u>, 167 N.H. 598, 603-04, (2015). The trier of fact may draw reasonable inferences from facts proved as well as from facts found as the result of other inferences, provided they can be reasonably drawn therefrom. <u>Id</u>. We examine each evidentiary item in the context of all the evidence, and not in isolation. <u>State v. Craig</u>, 167 N.H. 361, 369 (2015). Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is <u>de</u> <u>novo</u>. <u>Id</u>. at 370.

In his brief, the defendant recites the standard that applies when evidence of an element is solely circumstantial, but then acknowledges that there was both direct and circumstantial evidence on the challenged element. When the proof involves both direct and circumstantial evidence, a sufficiency challenge must fail if the evidence, including the trier of fact's credibility determinations, is such that a rational trier of fact could find guilt beyond a reasonable doubt, even if the evidence would support a rational conclusion other than guilt if the trier of fact had resolved credibility issues differently. <u>State v. Saunders</u>, 164 N.H. 342, 351 (2012).

To convict the defendant of the variant of felonious sexual assault with which he was charged, the trial court had to find, beyond a reasonable doubt, that he engaged "in sexual contact with a person other than his legal spouse who is under 13 years of age." RSA 632-A:3, III. "Sexual contact" is defined as "the intentional touching whether directly, through clothing, or otherwise, of the victim's or actor's sexual or intimate parts, including emissions, tongue, anus, breasts, and buttocks." RSA 632-A:1, IV. "Sexual contact includes only that aforementioned conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification." Id.

The defendant argues that the evidence was insufficient for the trial court to have found, beyond a reasonable doubt, that his conduct could "reasonably be construed as being for the purpose of sexual arousal or gratification." Id. He contends that the evidence was insufficient because the victim "never described the touching changing in nature" and because there was no evidence that he ever said "anything reflecting a purpose of sexual arousal or gratification."

Viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, we conclude that it was sufficient for a rational trier of fact to find, beyond a reasonable doubt, that the defendant's conduct could reasonably be construed as being for the purpose of sexual arousal or gratification. The victim testified that in the summer before beginning the fourth grade, when the victim was approximately nine years old, the defendant would drive the victim and others to a beach. On at least two such occasions, after parking in the beach parking lot and after other older occupants had left the car, the defendant rubbed the victim's inner thigh with his hand and kissed the victim on the mouth with his lips and tongue. The defendant told the victim that the victim "shouldn't be wearing . . . shorts that are too short," and told the victim to "open [the victim's] mouth." After kissing the victim, the defendant kissed another younger occupant of the car on the mouth and told the younger occupant to open the occupant's mouth. The victim testified that the defendant engaged in the same behavior with the victim and the younger occupant once in the parking lot of a store in Massachusetts. Viewing this evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the State, we conclude that a rational trier of fact could have concluded that the only reason that the defendant would have kissed the nine-year-old victim, using his tongue, was for the purpose of sexual arousal or gratification.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2